UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| SPLITROCK PROPERTIES, INC., a South Dakota Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> SPRINT COMMUNICATIONS COMPANY LIMITED PARTNERSHIP, a Delaware Partnership, <br><br> Defendant. | Civ. No. 09-4075 <br><br><br> **COMPLAINT** <br><br> FILED <br> MAY 26 2009 |

COMES NOW Plaintiff Splitrock Properties, Inc., by and through its counsel of record, and for its Complaint against the Defendant Sprint Communications Company Limited Partnership, states and alleges as follows:

### NATURE OF THE CASE

1. Splitrock Properties, Inc. (hereinafter "Splitrock") commences this action against Sprint Communications Company Limited Partnership ("Sprint") to recover damages for its failure to pay it those amounts invoiced to Sprint for the provisioning of originating and terminating telephone access services for Sprint's customers. The invoiced amounts were billed pursuant to Splitrock's applicable state and federal tariffs.

### THE PARTIES

2. Splitrock Properties, Inc. is a corporation organized and existing under the laws of the State of South Dakota, with its principal place of business in Garretson, South Dakota

3. Upon information and belief, Sprint is a limited partnership organized and existing under the laws of the State of Delaware, which limited partnership has been authorized

to transact business in the State of South Dakota.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the persons and subject matter of this action pursuant to the provisions of 28 U.S.C. § 1331. This action implicates tariffs which have been filed with the Federal Communications Commission, which tariffs constitute federal law.

5. In addition or alternatively, this Court has jurisdiction over the persons and subject matter of this action pursuant to the provisions of 28 U.S.C. § 1332. The amount of damages in controversy exceeds $75,000.00, exclusive of interests and costs, and complete diversity of citizenship is present between the Plaintiff and Defendant.

6. In addition or alternatively, this Court has jurisdiction over the persons and subject matter of this action pursuant to the provisions of 28 U.S.C. § 1337.

7. Pursuant to the provisions of 28 U.S.C. § 1391, venue is properly laid in this district.

## FACTUAL ALLEGATIONS

8. Splitrock provides telephone and other services through wires to the homes and businesses of its customers. It provides originating and terminating access services to Sprint, a long distance company. These access services permit Sprint to transmit long distance telephone calls over telephone lines that are not leased or owned by Sprint.

9. Sprint is an interexchange or long distance carrier which provides wireline services to its customers.

10. In 2006, Splitrock invoiced Sprint on a monthly basis for use of its services in accordance with the applicable rates set forth in its tariffs which are filed with the Federal Communications Commission and the South Dakota Public Utilities Commission. Beginning in

May 2006, Defendant Sprint ceased making payment on those invoices sent to it by Splitrock. Since that time, Sprint has failed and refused and continues to fail and refuse to pay the invoiced amounts.

11. Despite Splitrock's demand for payment, Sprint has failed and refused and continues to fail and refuse to make the payments due. As a result of such failure, the Defendant is indebted to Splitrock in those amounts to be proven at trial.

### COUNT 1
### BREACH OF CONTRACT

12. Plaintiff realleges Paragraphs 1 through 11 as if set forth fully below.

13. Pursuant to state and federal regulations, Splitrock has filed tariffs with both the South Dakota Public Utilities Commission and the Federal Communications Commission, which tariffs have the force and effect of law, the terms of which constitute valid and binding contracts.

14. Splitrock has invoiced Sprint pursuant to rates as set forth in its respective federal and state tariffs as outlined above.

15. Defendant Sprint failed and refused to pay those amounts invoiced to it by Splitrock, thus constituting a breach of the applicable tariffs and therefore a breach of contract.

### COUNT 2
### BREACH OF IMPLIED CONTRACT

16. Plaintiff realleges Paragraphs 1 through 15 as if set forth fully below.

17. In addition or alternatively, the course of action as described above constitutes an implied contract, under which, Sprint, upon submission by Splitrock of invoices for services provided, was obligated to make payment in conformance with those invoices to the Plaintiff.

3

18. Splitrock properly submitted invoices to Sprint for payment, but Sprint failed and refused and continues to fail and refuse to make payment of those invoices submitted. Defendant Sprint's actions constitute a material uncured breach of the implied contract.

19. As a result of Sprint's breach of the implied contract, the Plaintiff has suffered and will continue to suffer substantial harm, for which it is entitled to damages which it may prove for such breach of implied contract.

### COUNT 3
### UNJUST ENRICHMENT

20. Plaintiff realleges Paragraphs 1 through 19 above and incorporates them as if set forth fully herein.

21. In addition or alternatively, the course of action as described above establishes that Splitrock, through its provision of services to Sprint, has conferred a benefit upon Sprint.

22. It would be inequitable for Sprint to retain the benefit of the services provided by the Plaintiff without properly compensating the Plaintiff for the actual amount of the services provided.

23. Pursuant to the equitable doctrines of quantum meriut and unjust enrichment, the Plaintiff is entitled to recover such damages as it may prove at trial.

WHEREFORE, Plaintiff requests judgment against Defendant as follows:

1. For Plaintiff's damages in an amount to be proven at trial.

2. For pre-judgment interest, post-judgment interest, and the costs of this action as permitted by law.

3. For such other and further relief as the Court deems just and equitable.

### JURY DEMAND

Plaintiff demands a trial by jury of all issues triable of right by jury.

Dated in Sioux Falls, South Dakota, this 26 day of May, 2009.

                              CUTLER & DONAHOE, LLP
                              Attorneys at Law

                              */s/ Meredith A. Moore*
                              Ryan J. Taylor
                              Meredith A. Moore
                              Onna B. Dominiack
                              100 N. Phillips Ave., 9th Floor
                              Sioux Falls, SD 57104-6725
                              Telephone: (605) 335-4950
                              Facsimile: (605) 335-4961
                              *Attorneys for Plaintiff*